[Cite as *Godwin v. Godwin*, 2014-Ohio-3963.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

| | |
|---|---|
| Joel D. Godwin | Court of Appeals No. WD-14-025 |
| Appellee | Trial Court No. 2011 DR 034 |
| v. | |
| Jean R. Godwin | **DECISION AND JUDGMENT** |
| Appellant | Decided:  September 12, 2014 |

* * * * *

Bruce B. Stevens, for appellant.

* * * * *

**YARBROUGH, P.J.**

## I.  Introduction

{¶ 1} This is an accelerated appeal from the judgment of the Wood County Court of Common Pleas, Domestic Relations Division, which denied appellant's, Jean Godwin, motion for an extension of time to file objections to the magistrate's decision.  We affirm.

## A. Facts and Procedural Background

{¶ 2} Appellant and appellee, Joel Godwin, were divorced on April 20, 2012. They have one child together. On December 20, 2012, appellant filed both a motion for reallocation of parental rights and a show cause motion. On January 25, 2013, appellee also moved for a reallocation of parental rights. In addition, appellee later filed a show cause motion and a motion for sanctions.

{¶ 3} All of the motions were heard by the magistrate on February 18, 2014. After the hearing, the magistrate's decision was filed on February 24, 2014. The decision contained a notice that,

> Each party has the right to object to the Magistrate's Decision within fourteen (14) days of the filing of the Decision. If any party timely files objections, any other party may also file objections no later than ten (10) days after the first objections are filed.
>
> *A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law in this decision unless the party timely and specifically objects to that finding or conclusion as required by Civil Rule 53(D)(3)(b).* (Emphasis sic.)

{¶ 4} The magistrate's decision also ordered appellee's attorney to prepare a judgment entry reflecting the decision. No objections to the magistrate's decision were filed.

2.

{¶ 5} On March 11, 2014, the trial court entered its judgment entry, prepared by appellee's attorney, affirming the magistrate's decision. Fourteen days later, on March 25, 2014, appellant filed her preliminary objections to the magistrate's decision, and requested an extension of time to file additional objections once a transcript of the proceedings had been filed. Appellant also moved to stay the judgment pending the resolution of her objections.

{¶ 6} In a March 28, 2014 entry, the trial court denied appellant's motions, finding that appellant's objections were not filed timely.

### B. Assignments of Error

{¶ 7} Appellant has appealed the March 28, 2014 judgment entry, and now presents two assignments of error for our review:

I. THE TRIAL COURT ERRED WHEN IT FOUND THAT APPELLANT HAD NOT FILED HER OBJECTIONS TIMELY WHERE APPELLANT FILED HER OBJECTIONS WITHIN 14 DAYS OF WHEN THE ENTRY WAS FILED WITH THE COURT AFTER THE MAGISTRATE DIRECTED COUNSEL FOR APPELLEE TO SUBMIT THE ENTRY TO THE COURT.

II. THE TRIAL COURT ERRED WHEN IT FOUND THAT AN EQUAL TIME SHARE ARRANGEMENT WAS IN THE MINOR CHILD'S BEST INTERESTS.

3.

## II. Analysis

{¶ 8} In her first assignment of error, appellant argues that the 14-day time limit, in which to file objections to the magistrate's decision, does not begin to run until the magistrate's decision is adopted and journalized by the trial court. We disagree.

{¶ 9} Civ.R. 53(D) reveals a multi-step process regarding magistrate decisions. First, the matter is referred to the magistrate. Civ.R. 53(D)(1). The magistrate then hears the issue and prepares a magistrate's decision. Civ.R. 53(D)(3)(a). Finally, the magistrate's decision is not effective until adopted by the trial court in a judgment entry or interim order. Civ.R. 53(D)(4)(a) and (e).

{¶ 10} At issue here is the appropriate timing for filing objections to the magistrate's decision. To that end, Civ.R. 53(D)(3)(b)(i) provides, in relevant part, "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)."

{¶ 11} A plain reading of Civ.R. 53(D)(3)(b)(i) reveals that the appropriate time to file objections to the magistrate's decision is within 14 days of the filing of the magistrate's decision, not within 14 days of the trial court's entry approving the decision. Here, the magistrate's decision was filed on February 24, 2014. The decision notified the parties that they then had 14 days to file objections. Nevertheless, appellant did not file her objections to the decision until March 25, 2014. Thus, her objections were not timely. Therefore, we hold that the trial court did not err in denying appellant's motion,

4.

which contained preliminary objections and requested an extension of time to file additional objections.

{¶ 12} Accordingly, appellant's first assignment of error is not well-taken.

{¶ 13} In her second assignment of error, appellant argues that the trial court erred in its adoption of the magistrate's determination on the merits of the show cause motions and the motions for reallocation of parental rights. However, Civ.R. 53(D)(3)(b)(iv) provides, "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Here, appellant has not claimed plain error. Therefore, appellant has waived her right to assign the adoption of the magistrate's findings as error on appeal. *Foos v. Foos*, 6th Dist. Wood No. WD-08-049, 2009-Ohio-3398, ¶ 16.

{¶ 14} Accordingly, appellant's second assignment of error is not well-taken.

### III. Conclusion

{¶ 15} For the foregoing reasons, the judgment of the Wood County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

5.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

Stephen A. Yarbrough, P.J. _____

James D. Jensen, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.